IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOS. WR-77,371-01 AND 77,371-02






EX PARTE RICKY LYNN MARSH, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 6919 AND 6920 IN THE 223RD DISTRICT COURT


FROM GRAY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and possession of certain chemicals with intent to
manufacture a controlled substance and was sentenced to concurrent terms of forty and twenty years'
imprisonment, respectively. The Seventh Court of Appeals affirmed the convictions in unpublished
opinions. Marsh v. State, Nos. 07-06-0263-CR and 07-06-0264-CR (Tex. App. - Amarillo del. Apr.
17, 2007).


 In his writ applications, Applicant raises several claims including claims of ineffective
assistance of trial and appellate counsel. Applicant complains his trial counsel was deficient at a
motion to suppress hearing because counsel failed to challenge, under Franks v. Delaware, 438 U.S.
154, 155-56 (1978), the factual inaccuracies and/or false statements in the police officer's affidavit
in support of the search warrant. Applicant also alleges trial counsel was deficient for not having
Applicant attend the suppression hearing to testify and refute the State's version of events, and he
complains appellate counsel should have raised the issue of his absence from the suppression hearing
on direct appeal, arguing his presence was required under the Due Process and Confrontation clauses
of the Constitution unless voluntarily waived. (1) See Kentucky v. Stincer, 482 U.S. 730, 745 (1987);
United States v. Wade, 388 U.S. 218, 224-26 (1967); Garza v. State, 633 S.W.2d 508, 511-12 (Tex.
Crim. App. 1982); Maryland v. Craig, 497 U.S. 836, 846 (1990); Tex. Code Crim. Proc. art. 28.01
§ 1. Particular to the conviction for possessing anhydrous ammonia with the intent to use it in
manufacturing methamphetamine, Applicant argues trial counsel failed to present available evidence
to rebut the statutory presumption the container seized contained anhydrous ammonia and to rebut
the State's claim the anhydrous ammonia was used for unlawful purposes. Applicant alleges he
lawfully possessed the container and used its contents in his auto repair business.

 Applicant has alleged facts that, if true, might entitle him to relief. Smith v. Robbins, 528 U.S.
259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d
791, 795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel
to respond to Applicant's claims of ineffective assistance and explain applicable strategy and tactical
decisions. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel and his appellate counsel was deficient and, if so, whether
the deficient performance prejudiced Applicant. The trial court shall also make any other findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: May 23, 2012

Do not publish

1. Applicant further complains appellate counsel should have raised issues of ineffective assistance of trial
counsel on direct appeal, but it appears such arguments would have been premature. See Bone v. State, 77 S.W.3d 828
(Tex. Crim. App. 2002).